TODD M. LANDER (BAR NO. 173031)
todd.lander@ffslaw.com
ARASH BERAL (BAR NO. 245219)
arash.beral@ffslaw.com
MATTHEW A. YOUNG (BAR NO. 266291)
matt.young@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Plaintiff
GEMCAP LENDING I, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ARGUS CAPITAL FUNDING, LLC, a New York limited liability company; ACH CAPITAL, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-1327<br>**PLAINTIFF GEMCAP LENDING I, LLC'S COMPLAINT FOR:**<br>1. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>2. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>3. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>4. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692;**<br>5. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE § 1788, *ET SEQ.*;**<br>6. **UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***<br>7. **RESTITUTION TO AVOID UNJUST ENRICHMENT; AND**<br>8. **DECLARATORY RELIEF**<br>**DEMAND FOR JURY TRIAL** |

2752730.1

Plaintiff GemCap Lending I, LLC (hereinafter, "Plaintiff" or "GemCap") complains of defendants and alleges as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

## THE PARTIES

1. Plaintiff is and at all times mentioned and/or relevant herein was a Delaware limited liability company with its principal place of business in Malibu, California.

2. Plaintiff is informed and believes and thereupon alleges that Defendant Argus Capital Funding, LLC (hereinafter, "Argus") is and at all times mentioned and/or relevant herein was a New York limited liability company with its principal place of business located in New York, New York.

3. Plaintiff is informed and believes and thereupon alleges that Defendant ACH Capital, LLC (hereinafter, "ACH") is and at all times mentioned and/or relevant herein was a Delaware limited liability company with its principal place of business located in New York, New York.

4. For purposes of this Complaint, Argus and ACH will be referred to collectively herein as the "Defendants".

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, each of the DOE defendants, and each of the named defendants, were the agents and/or employees of one or more of the other defendants, were acting within the course and scope of said agency and/or employment, and that each defendant has aided and assisted one or more of the other defendants in committing the wrongful acts alleged herein.

/ / /

7. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, conspired and agreed among themselves to do the acts complained of herein and were, in doing the acts complained of herein, acting pursuant to said conspiracy, and that each defendant sued herein is jointly and severally responsible and liable to Plaintiff for the damages alleged herein.

## JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§ 1331-1332 because a valid claim is asserted under the law of the United States and that there is diversity of citizenship and an amount in controversy greater than $75,000.

## VENUE

9. Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this Complaint happened in this judicial district and/or which acts and/or omissions of defendants were directed towards Plaintiff, a resident of this judicial district. By reason of their acts and/or omissions directed towards this judicial district and of specific other facts demonstrating minimum contacts with this State, all defendants are subject to the personal jurisdiction of this Court.

## STATEMENT OF RELEVANT FACTS

### GemCap's Lending Business

10. GemCap is an asset-based commercial lender that serves small- and mid-sized businesses in need of funding unavailable from larger and traditional lending institutions. The lending process is straightforward. First, GemCap receives a loan request from a business, which oftentimes is distressed and cannot turn to or rely upon conventional funding. GemCap then assesses the asset base of the prospective borrower to determine if sufficient tangible and recoverable assets (typically taking the form of equipment, inventory, and accounts receivable) exist to secure the requested loan and make GemCap whole in the event of a default. If so, and the borrower otherwise qualifies, appropriate funding and security terms are negotiated.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

11. Once a loan is approved, GemCap typically funds subject to a specified limit and a structure under which the borrower must demonstrate that its asset base and liquidity warrant continued lending. In the event of a default by a borrower, GemCap pursues its rights against the pledged security or, when necessary, initiates litigation.

<u>GemCap's Loan and Security Agreement with Surface Source USA NC, Inc.</u>

12. On or about February 26, 2016, GemCap, as lender, and Surface Source USA NC, Inc. ("Surface Source"), as borrower, entered into a Loan and Security Agreement ("Loan and Security Agreement") and other related agreements. Essentially, pursuant to the Loan and Security Agreement, GemCap agreed to extend a loan credit facility to Surface Source on the terms and conditions set forth in that Agreement. A true and correct copy of the Loan and Security Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

13. As collateral for the loan credit facility, the Loan and Security Agreement provides that Surface Source would convey a first priority security interest in and lien upon Surface Source's assets, including but not limited to its equipment, contracts, proceeds from any assets, accounts, deposit accounts, intellectual property, goods, cash monies, etc. The Loan and Security Agreement further provides that such collateral must not be disposed and must be kept free and clear of any liens.

<u>GemCap's UCC Financing Statement</u>

14. On or about February 25, 2016, GemCap filed a UCC Financing Statement (hereinafter, the "GemCap UCC Financing Statement") upon *all* of Surface Source's assets (whether tangible or intangible). A true and correct copy of the GemCap's UCC Financing Statement is attached hereto as **Exhibit "B"** and incorporated herein by reference.

///

///

### Argus and ACH

15. GemCap is informed and believes and on that basis alleges that on or about January 6, 2017, Argus entered into a "Merchant Agreement" (hereinafter, "Merchant Agreement") with Surface Source, whereby Surface Source allegedly assigned and transferred to Argus a certain percentage of Surface Source's future receivables.

16. GemCap is further informed and believes and on that basis alleges that on or about February 6, 2017, Argus (through its servicing agent ACH), filed a UCC Financing Statement (hereinafter, "Defendants' UCC Financing Statement") upon Surface Source's assets. Upon information and belief, a true and correct copy of Defendants' UCC Financing Statement is attached hereto as **Exhibit "C"** and incorporated herein by reference.

17. Remarkably, despite knowing of GemCap's secured priority rights in Surface Source's assets, on or about February 7, 2017 Defendants sent GemCap a letter demanding that *GemCap* make payments to *Defendants* because of Surface Source's alleged default on the alleged Merchant Agreement; GemCap first received the letter on February 13, 2017. A true and correct copy of Defendants' demand letter to GemCap is attached hereto as **Exhibit "D"** and incorporated herein by reference.

18. Immediately on February 13, 2017 and again on February 14, 2017, GemCap's attorneys sent letters to Defendants demanding that Defendants cease and desist their unlawful debt collection practices. Defendants ignored those letters and continued to engage in their tortious conduct. A true and correct copy of GemCap's attorney's February 13, 2017 and February 14, 2017 letters directed to Defendants are attached collectively hereto as **Exhibit "E"** and incorporated herein by reference.

19. GemCap has since learned and on information and belief alleges that Defendants, after receiving the letters from GemCap's attorney, have continued to send demand letters to other entities, including to Surface Source's customers, in

order to extract some form of payment from parties with which Defendants have no privity and in total disregard of GemCap's prior secured rights. A true and correct copy of a sampling of Defendants' demand letters are attached collectively hereto as **Exhibit "F"** and incorporated herein by reference.

20. In addition to the demand letters, GemCap is informed and believes and on that basis alleges that Defendants sent or caused to be sent certain text message communications whereby Defendants threatened to publicly embarrass Surface Source, file criminal charges, disparage Surface Source on various online and newspaper print forums, and expose Surface Source for being a "thief". In those same text messages, Defendants acknowledge the existence of "other lenders". A true and correct copy of these text messages are attached collectively hereto as **Exhibit "G"** and incorporated herein by reference.

# FIRST CAUSE OF ACTION
# FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
## (AGAINST ALL DEFENDANTS)

21. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 20, above.

22. As set forth hereinabove, Plaintiff and Surface Source entered into a contractual relationship by which GemCap, as a priority secured lender, retained certain rights and interests in and to Surface Source's assets.

23. GemCap is informed and believes and thereon alleges that Defendants had knowledge of the Loan and Security Agreement and/or GemCap's UCC Financing Statement and also had the intent to interfere with GemCap's relationship with Surface Source. Indeed, by sending demand letters to GemCap and Surface Source's customers seeking to extract some sort of payment (and thereby diminishing Surface Source's reputation, which directly affects GemCap's ability to collect on its loan), Defendants each took specific action to interfere with the Loan and Security

Agreement and GemCap's UCC Financing Statement, to further each of their own special interests.

24. As a direct and proximate result of all Defendants' interference with Plaintiff's contractual relations, Plaintiff has incurred damages plus interest, costs, attorney's fees, and expenses, and will continue to incur damages in an amount to be proven at trial, in addition to incidental and consequential damages and attorneys' fees and costs. As of the filing of this action, the total amount of compensatory damages to Plaintiff is over $2,000,000, plus attorneys' fees, costs and expenses.

25. Defendants' conduct in interfering with Plaintiff's contractual relations as alleged herein was willful, wanton, malicious, and oppressive and in conscious disregard of Plaintiff's rights, justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
## FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (AGAINST ALL DEFENDANTS)

26. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 25, above.

27. As set forth hereinabove, Plaintiff and Surface Source entered into a contractual relationship by which GemCap, as a priority secured lender, retained certain rights and interests in and to Surface Source's assets, and to which GemCap had certain expectations of prospective economic benefits.

28. GemCap is informed and believes and thereon alleges that Defendants had knowledge of the Loan and Security Agreement and/or GemCap's UCC Financing Statement and also had the intent to interfere with GemCap's relationship with Surface Source. Indeed, by sending demand letters to GemCap and Surface Source's customers seeking to extract some sort of payment (and thereby diminishing Surface Source's reputation, which directly affects GemCap's ability to collect on its loan), Defendants each took specific action to interfere with the Loan and Security

Agreement and GemCap's UCC Financing Statement, to further each of their own special interests.

29.   As a direct and proximate result of all Defendants' interference with Plaintiff's contractual relations, Plaintiff has incurred damages plus interest, costs, attorney's fees, and expenses, and will continue to incur damages in an amount to be proven at trial, in addition to incidental and consequential damages and attorneys' fees and costs. As of the filing of this action, the total amount of compensatory damages to Plaintiff is over $2,000,000, plus attorneys' fees, costs and expenses.

30.   Defendants' conduct in interfering with Plaintiff's contractual relations as alleged herein was willful, wanton, malicious, and oppressive and in conscious disregard of Plaintiff's rights, justifying an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
## FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (AGAINST ALL DEFENDANTS)

31.   Plaintiff incorporates by this reference the allegations in paragraphs 1 through 30, above.

32.   As set forth hereinabove, Plaintiff and Surface Source entered into a contractual relationship by which GemCap, as a priority secured lender, retained certain rights and interests in and to Surface Source's assets, and to which GemCap had certain expectations of prospective economic benefits.

33.   GemCap is informed and believes and thereon alleges that Defendants had knowledge of the Loan and Security Agreement and/or GemCap's UCC Financing Statement and also had the intent to interfere with GemCap's relationship with Surface Source.  Indeed, by sending demand letters to GemCap and Surface Source's customers seeking to extract some sort of payment (and thereby diminishing Surface Source's reputation, which directly affects GemCap's ability to collect on its

loan), Defendants each took specific action to negligently interfere with the Loan and Security Agreement and GemCap's UCC Financing Statement, to further each of their own special interests.

34. As a direct and proximate result of all Defendants' interference with Plaintiff's contractual relations, Plaintiff has incurred damages plus interest, costs, attorney's fees, and expenses, and will continue to incur damages in an amount to be proven at trial, in addition to incidental and consequential damages and attorneys' fees and costs. As of the filing of this action, the total amount of compensatory damages to Plaintiff is over $2,000,000, plus attorneys' fees, costs and expenses.

35. Defendants' conduct in interfering with Plaintiff's contractual relations as alleged herein was willful, wanton, malicious, and oppressive and in conscious disregard of Plaintiff's rights, justifying an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
## FOR VIOLATIONS OF THE FEDERAL DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692
### (AGAINST ALL DEFENDANTS)

36. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 35, above.

37. Plaintiff is informed and believes and thereupon alleges that Defendants are and at all times relevant herein were "creditors" and/or "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

38. Defendants, by knowingly and willfully taking action and/or authorizing action to be taken that was and continues to be inconsistent with the provisions of the FDCPA, violated and continue to violate the FDCPA with regard to the attempts to recover the alleged debt they believe they are owed. Those actions include, but are not limited to: (a) threatening to, attempting to, and engaging in other conduct designed to collect a debt against Plaintiff and others

without lawful cause; (b) threatening to or attempting to irrevocably appoint themselves as Surface Source's agent or attorney-in-fact "with full authority to take any action or execute any instrument or documents and to settle all obligations" without lawful cause; (c) failing to communicate with Plaintiff's attorney while at the same time continuing to send demand letters to third parties with regard to the alleged debt; (d) concealing material facts, such as GemCap's priority secured interest in and to Surface Source's assets when communicating with third parties; (e) sending threatening and unlawful text message communications; and (f) continuing to take action in total disregard of the law with regard to collecting on the alleged debt against GemCap's and GemCap's interests after GemCap notified Defendants that Defendants' alleged lien is junior and subordinate to GemCap's.

39. As a proximate result of the foregoing conduct, Plaintiff has been damaged and is entitled to an award of all actual damages as well as statutory damages as provided by law. Plaintiff is also entitled to an award of costs and attorneys' fees as provided by law. Plaintiff is also entitled to injunctive relief prohibiting Defendants from continuing to take any further actions and/or employing any unlawful conduct, methods, acts, or practices in violation of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA"), CIVIL CODE §§ 1788, *ET SEQ.*
## (AGAINST ALL DEFENDANTS)

40. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 39, above.

41. Plaintiff is informed and believes and thereupon alleges that Defendants are and at all times relevant herein were "creditors" and/or "debt collectors" within the meaning of the RFDCPA, Civil Code § 1788.2.

/ / /

42. Defendants, by knowingly and willfully taking action and/or authorizing action to be taken that was and continues to be inconsistent with the provisions of the RFDCPA, violated and continue to violate the RFDCPA with regard to the attempts to recover the alleged debt they believe they are owed. Those actions include, but are not limited to: (a) threatening to, attempting to, and engaging in other conduct designed to collect a debt against Plaintiff and others without lawful cause; (b) threatening to or attempting to irrevocably appoint themselves as Surface Source's agent or attorney-in-fact "with full authority to take any action or execute any instrument or documents and to settle all obligations" without lawful cause; (c) failing to communicate with Plaintiff's attorney while at the same time continuing to send demand letters to third parties with regard to the alleged debt; (d) concealing material facts, such as GemCap's priority secured interest in and to Surface Source's assets when communicating with third parties; (e) sending threatening and unlawful text message communications; and (f) continuing to take action in total disregard of the law with regard to collecting on the alleged debt against GemCap's and GemCap's interests after GemCap notified Defendants that Defendants' alleged lien is junior and subordinate to GemCap's.

43. As a proximate result of the foregoing conduct, Plaintiff has been damaged and is entitled to an award of all actual damages as well as statutory damages as provided by law. Plaintiff is also entitled to an award of costs and attorneys' fees as provided by law. Plaintiff is also entitled to injunctive relief prohibiting Defendants from continuing to take any further actions and/or employing any unlawful conduct, methods, acts, or practices in violation of the RFDCPA.

///
///
///
///
///

## SIXTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (AGAINST ALL DEFENDANTS)

44. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 43, above.

45. The actions of all Defendants as alleged hereinabove were unfair, unlawful, and fraudulent business acts and/or practices, thereby constituting unfair competition under California Business & Professions Code §§ 17200, *et seq.* Plaintiff is therefore entitled to full restitution and/or disgorgement by all Defendants of all revenues, earnings, profits or other economic benefits that they have derived from their unfair, unlawful, and fraudulent business acts or practices with regard to Plaintiff. Plaintiff is also entitled to temporary restraining order, preliminary and permanent injunctive relief as a result of Defendants' violations of the Unfair Competition Law.

46. Defendants' conduct in engaging in unfair competition as alleged herein was willful, wanton, malicious, and oppressive and in conscious disregard of Plaintiff's rights, justifying an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

## FOR RESTITUTION TO AVOID UNJUST ENRICHMENT

### (AGAINST ALL DEFENDANTS)

47. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 46, above.

48. Plaintiff is informed and believes and thereon alleges that the actions of all Defendants as alleged hereinabove caused Defendants to benefit economically from those actions.

49. Under the circumstances, it would be inequitable for Defendants to retain and reap the economic benefits of their actions. Plaintiff is therefore entitled

to full restitution and/or disgorgement by Defendants of all revenues, earnings, profits or other economic benefits earned at Plaintiff's detriment and expense. Otherwise, Defendants would be unjustly enriched.

## EIGHTH CAUSE OF ACTION
## FOR DECLARATORY RELIEF
## (AGAINST ALL DEFENDANTS)

50. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 49, above.

51. Based on the above allegations, an actual controversy exists between Plaintiff and Defendants concerning Plaintiff's respective security interests and rights in connection with Surface Source.

52. Accordingly, Plaintiff desire a judicial determination of its rights and duties and a declaration that:

- Plaintiff possesses a first priority security interest in and lien upon Surface Source's assets, including its equipment, contracts, proceeds from any assets, accounts, deposit accounts, and cash monies, superior to all Defendants' purported claims to such assets; and
- Defendants' UCC Financing Statement is junior to GemCap's UCC Financing Statements.

53. A judicial declaration is necessary and appropriate at this time under the circumstances in order for Plaintiff to ascertain its rights and duties vis-à-vis Defendants. Otherwise, Plaintiff will continue to suffer damages as a result of the unsettled state of affairs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For damages according to proof, plus applicable interest, costs, and expenses;

2. For restitution according to proof, plus applicable interest, costs, and expenses;

3. For a constructive trust;

4. For punitive damages;

5. For a temporary restraining order, preliminary and permanent injunctive relief;

6. For attachment of assets;

7. For relief under the FDCPA and RFDCPA;

8. For declaratory relief;

9. For Plaintiff's attorneys' fees;

10. For Plaintiff's costs, including costs of collection and costs of suit herein;

11. For pre-judgment interest;

12. For post-judgment interest; and

13. For such other and further relief that the Court deems just and proper.

DATED: February 17, 2017      FREEMAN, FREEMAN & SMILEY, LLP

By: */s/ Matthew A. Young*
TODD M. LANDER
ARASH BERAL
MATTHEW A. YOUNG
Attorneys for Plaintiff
GEMCAP LENDING I, LLC